**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**ANNA OBERGFELL**
Wishard Health Services
Indianapolis, Indiana



FILED
Oct 01 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE CIVIL COMMITMENT OF: F.L., | ) | |
| | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1202-MH-130 |
| | ) | |
| WISHARD HEALTH SERVICES, MIDTOWN COMMUNITY MENTAL HEALTH CENTER, | ) | |
| | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gerald S. Zore, Judge
Cause No. 49D08-0411-MH-1286

**October 1, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

F.L. appeals an order of civil commitment requiring him to receive outpatient treatment from Wishard Health Services, Midtown Community Mental Health Center ("Wishard"). We affirm.

## ISSUE

F.L. raises one issue, which we restate as: whether the trial court's order is supported by sufficient evidence.

## FACTS AND PROCEDURAL HISTORY

F.L. has been diagnosed with chronic schizoaffective disorder and alcohol dependence. He lives in subsidized housing and receives disability payments. For the past three years, F.L. has been the subject of an ongoing order of civil commitment, pursuant to which he has received outpatient psychiatric services from Dr. Thota Rao, a Wishard employee. F.L. rejects his psychiatric diagnoses, telling Rao that "nothing is wrong with him" and that he has the "right to drink alcohol." Tr. p. 13. F.L. frequently refuses to take his prescribed medications, and Rao characterizes him as having "no insight into his illness." *Id.* at 12.

On December 7, 2011, F.L., by counsel, filed a request for a hearing on his ongoing civil commitment. The trial court held an evidentiary hearing, during which Rao requested an extension of F.L.'s civil commitment, asserting that F.L. needed ongoing outpatient psychiatric services. He proposed to give F.L. a different drug for his schizoaffective disorder and a new medication to address F.L.'s alcohol dependency. The trial court issued an order determining that F.L.: (1) is mentally ill; (2) is a danger to

2

others and is gravely disabled; and (3) is in need of continued outpatient care from Wishard. The trial court ordered Wishard to file a report on January 24, 2013. This appeal followed.

## DISCUSSION AND DECISION

In civil commitment proceedings, a petitioner must prove by clear and convincing evidence that the individual is mentally ill and either dangerous or gravely disabled, and that commitment of that individual is appropriate. Ind. Code § 12-26-2-5(e) (2007). When reviewing an order of involuntary civil commitment, we look only to the evidence and reasonable inferences therefrom most favorable to the trial court's judgment. *In re Involuntary Commitment of A.M.*, 959 N.E.2d 832, 834-35 (Ind. Ct. App. 2011). We may not reweigh the evidence or judge the credibility of witnesses. *Id.* at 835.

Here, F.L. does not dispute for purposes of this appeal that he is mentally ill. Instead, he challenges the trial court's determinations that he is gravely disabled and dangerous to others. The term "gravely disabled" is defined by statute as follows:

> "Gravely disabled," for purposes of IC 12-26, means a condition in which an individual, as a result of mental illness, is in danger of coming to harm because the individual:
>
> > (1) is unable to provide for that individual's food, clothing, shelter, or other essential human needs; or
> >
> > (2) has a substantial impairment or an obvious deterioration of that individual's judgment, reasoning, or behavior that results in the individual's inability to function independently.

Ind. Code § 12-7-2-96 (1992).

3

In this case, as noted above, F.L. rejects his diagnoses of schizoaffective disorder and alcohol dependency, and he has little insight into his mental illness. Rao noted that F.L. was "not taking care of himself" in the year prior to the hearing in this case. Tr. p. 14. F.L. drank alcohol almost every day and did not take his medication. Furthermore, F.L. wore the same clothes repeatedly and frequently did not take showers. With respect to meals, F.L. had no food in the apartment, and F.L. told Rao he occasionally swapped alcohol for canned tuna. F.L. was admitted to Wishard Hospital for malnutrition during the year prior to the hearing.

As for overall physical health, on several occasions F.L. refused to go to the hospital when his liver enzymes were elevated, indicating his health was at risk. Even more disturbing, on January 15, 2012, Rao and several medical students visited F.L. and noted that he had an infection on his arm. The infected area was red and leaking fluid, and dead skin was scattered on the floor. Nevertheless, F.L. refused to go to the hospital. The next day, Wishard staff convinced him to go see a nurse practitioner, and the nurse stated that she had never seen such a serious infection before.

Rao also noted that F.L.'s mental condition had been "deteriorating." *Id.* at 21. During the January 15, 2012 apartment visit, when Rao suggested taking F.L. to the hospital to treat the infection, F.L. became agitated and got "up [in Rao's] face." *Id.* at 8. Rao became scared at that point. Rao also noted that F.L. has become more agitated and paranoid due to his failure to take medication. The police were called to F.L.'s apartment several times in 2011.

Thus, F.L. is unable to adequately feed himself or to address his serious medical conditions when he does not take his medication. He also has difficulty interacting with others and behaves in an agitated manner that has resulted in intervention by law enforcement. This evidence amply demonstrates that F.L. has a substantial impairment or an obvious deterioration of his judgment, reasoning, and behavior that has resulted in an inability to function independently. *See A.M.*, 959 N.E.2d at 836 (determining that the evidence supported the trial court's determination of grave disability where the patient denied any mental illness and refused to take her medications, and as a result engaged in agitated and aggressive behavior); *In re Commitment of A.W.D.*, 861 N.E.2d 1260, 1265 (Ind. Ct. App. 2007) (affirming a determination of grave disability where the person's mental illness rendered him incapable of addressing his other medical conditions), *trans. denied*. This evidence is sufficient to establish that F.L. meets the definition of being gravely disabled. *See* Ind. Code § 12-7-2-96.

F.L. points to evidence that he lives in his own apartment and can pay his bills as proof that he is not gravely disabled. This is a request to reweigh the evidence, which we cannot do. F.L. also cites to *In re Commitment of Steinberg*, 821 N.E.2d 385 (Ind. Ct. App. 2004), but that case is distinguishable. In *Steinberg*, a panel of this Court reversed the trial court's determination that Steinberg was gravely disabled, noting that no evidence was presented at the hearing to prove that he "was unable to provide for his essential human needs or that he was unable to function independently." *Id.* at 389. By contrast, in the current case Wishard presented extensive evidence that F.L.'s untreated mental illness renders him unable to function independently.

5

Finally, Indiana Code section 12-26-2-5(e) provides that a petitioner must prove that an individual is dangerous or gravely disabled. Because the statute is written in the disjunctive, and there is sufficient evidence to support the trial court's finding of grave disability, we do not need to address whether F.L. is dangerous to others. There is thus sufficient evidence to sustain the trial court's judgment.

CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.